## CARL SAMPLES v. STATE.

No. A-1728.   Opinion Filed September 9, 1913.

(134 Pac. 838.)

1. **LARCENY—Evidence.** In a prosecution for larceny of live stock, the circumstantial evidence is held sufficient to support the verdict and judgment.

2. **APPEAL—Sufficiency of Evidence.** It is the exclusive province of the jury to determine and pass upon the credibility of the testimony, and, if found sufficient to sustain the verdict, the judgment will not be disturbed on account of a conflict of evidence.

*Appeal from District Court, Custer County;
James R. Tolbert, Judge.*

Carl Samples was convicted of larceny, and appeals. Affirmed.

*George T. Webster,* for plaintiff in error.

*Charles West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *Jos. L. Hull,* Sp. Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was convicted of the larceny of two head of cattle, belonging to George H. Remund, and was sentenced to imprisonment in the state reformatory at Granite for a period of four years and five months. The judgment and sentence was rendered November 21, 1911. An appeal was properly perfected.

The only question presented by the record is the sufficiency of the evidence to support the verdict and judgment.

The proof on the part of the state showed that George H. Remund lived on a farm about four miles west of Weatherford; that on the night of May 14, 1909, he had two head of cattle stolen from his pasture, one a shorthorn cow, the other a shorthorn heifer. His pasture was about one mile east of his home, the cattle had been taken out across the fence into the highway, and he found the cattle in the stock pens at Weatherford about noon the next day in the possession of D. C. Lindley, a cattle

buyer at Weatherford. Mr. Lindley testified that the defendant sold him the cattle that morning, requesting that he make the check in payment of said cattle to Ike Hannah; that he had been engaged in the cattle buying business for fifteen years at Weatherford, but had never before heard of Ike Hannah. It was further shown that on the day prior to the theft of the cattle the defendant, in company with one Ness, was seen in that neighborhood, and he was seen to dismount near the gate of the pasture and walk in and look at these cattle and then ride away. The proof further shows that Jap Sackett, an acquaintance of the defendant, was seen in the stock pens feeding hay to these cattle, when Lindley went there with the defendant to buy them, and that he absconded.

The defendant, as a witness in his own behalf, testified that he lived with his father, who conducted a livery business in the town of Weatherford; that he went out to his aunt's the night before the cattle were taken and returned the next morning, intending to go to Elk City for his father; that he was walking along the street, and a fellow walked up to him and asked if he knew any cattle buyers, and if any were in town, and the defendant told him that he knew several, but did not know whether or not they were in town, and he wanted to know whether the defendant would sell some cattle for him that he had in the stock pens; that he would give him $5 for selling the cattle, and that if he could not sell them to put them in a pasture, as he had to leave on the train that was then almost due, and that he would be back the following Tuesday or Wednesday; that soon after he met Mr. Lindley and went with him to the stock pens and sold him the cattle for $72, and asked him to make the check out to I. Hannah; that a few hours later he was arrested while driving the cattle to Mr. Lindley's pasture. In addition to this remarkable explanation of his possession of the cattle, there was also testimony tending to prove an alibi.

The jury are the exclusive judges of the facts proved and of the weight to be given to the testimony. Where the evidence for the state is circumstantial, and the circumstances are such as to reasonably justify an inference of guilt, the weight and value

of such testimony are exclusively for the jury. It is only where such evidence obviously does not warrant the inference of guilt that a conviction will be set aside. We think the verdict of the jury, based upon circumstantial evidence, comes to us as any other verdict, and, unless we can say the inference of guilt drawn from the evidence is wholly unwarranted, we will not interfere. That we cannot say in this case. It having been made to appear that after the appeal was perfected the defendant was surrendered by his bondsmen, and has since been confined in the county jail of Custer county, the judgment and sentence of the lower court is hereby modified by reducing the punishment to three years' imprisonment in the state reformatory at Granite, such sentence to commence from the day the warden of said reformatory shall receive said defendant.

The judgment and sentence, as modified, is hereby affirmed, and the cause remanded to the district court of Custer county, with direction to cause the judgment and sentence, as modified, to be carried into execution.

ARMSTRONG, P. J., and FURMAN, J., concur.